IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## RANDY LEE SHATTO, SR. v. STATE OF TENNESSEE

Criminal Court for Davidson County
No. 2004-A-866

No. M2007-00054-CCA-R3-PC - Filed November 30, 2007

The Appellant appeals the trial court's dismissal of his petition for post conviction relief. The Appellant filed his petition outside the statute of limitations. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, J.J., joined.

Randy Lee Shatto, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 12, 2004, the Appellant pled guilty to one count of rape of a child and accepted a sentence of fifteen years. The Appellant filed a petition for post-conviction relief on November 1, 2004. The Appellant, by and through counsel, filed an amended petition on March 9, 2005. However, at a hearing on March 23, 2005, during which the Appellant and his attorney were present, the court withdrew the petition upon the Appellant's request. Subsequently, on December 1, 2006, the Appellant, proceeding pro se, filed a motion to reopen his post-conviction petition. The trial court treated the pleading as a petition for post-conviction relief instead of a motion to reopen a post-conviction petition because the Appellant withdrew his prior petition before a hearing on the merits. The trial court concluded that the Appellant could not move to reopen a petition that was previously withdrawn. The trial court further concluded that the petition was filed beyond the statute of limitations. The court observed that the claim would otherwise not warrant relief under the motion to reopen statute. The Appellant appealed.

The State has filed a motion to affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Court finds this motion to be well taken.

The Appellant's post-conviction petition is clearly barred by the statute of limitations. Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year of final judgment. Section 40-30-109(c) further provides that the withdrawal of a timely filed petition "shall not toll the statute of limitations set forth in § 40-30-102." The Appellant filed his current petition well over two years after the entry of his guilty plea, and almost two years following the withdrawal of his initial petition. The Post-Conviction Procedure Act enumerates few exceptions to this one year time limit. See Tenn. Code Ann. § 40-30-102(b). In order to qualify, the claim in the petition must be based upon a new rule of constitutional law requiring retrospective application, must be based upon new scientific evidence establishing actual innocence, or must assert relief from sentences which were enhanced because of a previous conviction that has subsequently found to be illegal. Id. None of these exceptions apply in this case. As the trial court noted, the scientific evidence which the Appellant alleges is newly discovered was actually made available to the Appellant prior to the entry of his guilty plea.

The Appellant argues on appeal that the trial court should have treated his pleading as a petition for a writ of error coram nobis rather than a petition for post-conviction relief. Assuming the trial court should have reviewed the pleading as an error coram nobis petition, the Appellant would nevertheless have been denied relief due to the untimeliness of the filing. A petition for a writ of error coram nobis must be filed within one year after the judgment becomes final in the trial court. State v. Mixon, 983 S.W.2d 661, 669-70 (Tenn. 1999). Furthermore, contrary to the Appellant's suggestion, equitable tolling of the one year statute would not be warranted in this case because, as noted above, the evidence at issue was not newly discovered evidence. Appellant's claim that his attorney failed to inform him about the existence of this evidence should have been pursued through his initial post-conviction petition which he voluntarily withdrew.

For the reasons stated above, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE

2